108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin Howard CANELL; Jomo K. Drew; Correy Massey; Dewayne
James; Arthur A. Jacobs; Frank Abdul-Rahmann,
Plaintiffs-Appellants,
v.
James JACOBSON, Oregon State Penitentiary Chaplain; Oregon
Department of Corrections, Director; Sprauer,
Father Superior of James Jacobson,
Defendants-Appellees.
 No. 96-35110.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoners Alvin Canell, Jomo Drew, Corey Massey, Arthur Jacobs, Dewayne James, and Frank Abdulrahmann (collectively the "plaintiffs") appeal pro se the district court's summary judgment for the defendants in the plaintiffs' 42 U.S.C. § 1983 civil rights action alleging violations of the First and Fourteenth Amendments and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1 to 2000bb-4. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), and affirm.
 
 
 3
 The plaintiffs, who are Sunni Muslims, contend that the district court erred by granting summary judgment for the defendants because a genuine issue of material fact exists as to whether the defendants failed to provide them with a suitable arrangement for performing ablution (ritual washing) before prayer. This contention lacks merit.
 
 
 4
 In order to establish a violation of the RFRA, the plaintiffs must first show that "a governmental [action] burdens the adherent's practice of his or her religion ... by preventing him or her from engaging in conduct or having a religious experience which the faith mandates. This interference must be more than an inconvenience; the burden must be substantial...." Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir.1996) (per curiam) (quoting Graham v. Commissioner, 822 F.2d 844, 850-51 (9th Cir.1987).
 
 
 5
 Here, it is undisputed that the plaintiffs performed ablution in their cells before going to the chapel for prayer.[1] The district court concluded that defendants were entitled to summary judgment because there was no genuine issue of fact as to whether requiring inmates to perform ablution in their cells (rather than in the chapel) prevented the plaintiffs from engaging in conduct which their faith mandates. We agree.[2] Accordingly, the district court did not err by granting summary judgment for the defendants on this claim.[3] See id.
 
 
 6
 The plaintiffs also contend that the district court erred by granting summary judgment for the defendants on the plaintiffs' equal protection claim because a genuine issue of material fact exists as to whether the defendants discriminated against the plaintiffs because they are Sunni Muslims. This contention lacks merit.
 
 
 7
 In order to establish a violation of the Equal Protection Clause, the plaintiffs must show that the defendants acted in a discriminatory manner and that the discrimination was intentional. See FDIC v. Henderson, 940 F.2d 465, 471 (9th Cir.1991).
 
 
 8
 Here, the plaintiffs failed to submit any significant probative evidence raising a genuine issue of fact as to whether the defendants intentionally discriminated against the plaintiffs because they are Sunni Muslims. See id. at 473 (stating that a dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party). Accordingly, the district court did not err by granting summary judgment for the defendants on this claim.
 
 
 9
 We have considered the plaintiffs' remaining contentions and conclude that they lack merit.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, the plaintiffs contend that, for various reasons, some inmates cannot perform ablution in their cells. The record, however, is devoid of any evidence raising a genuine issue of fact as to whether any of the named plaintiffs were prevented from performing ablution in their cells before prayer
 
 
 [2]
 Insofar as the plaintiffs contend that their religious advisor's affidavit raises a genuine issue as to whether the plaintiffs were prevented from engaging in conduct which their faith mandates, we reject this contention
 
 
 [3]
 We also agree with the district court's conclusion that the plaintiffs failed to raise a genuine issue of material fact on their claim under the First Amendment. See Johnson v. Moore, 948 F.2d 517, 520 (9th Cir.1991) (stating that prison officials need only provide prisoners with a reasonable opportunity to worship in accord with their conscience) (per curiam)